IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL STUBBS,

    Plaintiff,

v.                                      CASE NO. 4:08cv94-RH/WCS

MORRIS YOUNG, AS SHERIFF OF
GADSDEN COUNTY, FLORIDA.

    Defendant.

_____/

ORDER DENYING MOTION TO DISMISS
OR FOR PARTIAL SUMMARY JUDGMENT

    This is an employment discrimination and retaliation action. Defendant has moved to dismiss or for partial summary judgment on three grounds. I deny the motion.

    First, defendant argues that the complaint's claims under 42 U.S.C. § 1981 do not state a claim upon which relief can be granted, because actions claiming such rights must assert them under 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989). Plaintiff responds that the claim at issue is asserted under § 1981a, not § 1981.

Under § 1981a,

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C.A. §§ 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

42 U.S.C. § 1981(a)(1). While § 1983 must be used to enforce rights under § 1981, no similar requirement pertains to rights under § 1981a. Therefore the complaint, at least in this respect, states a claim upon which relief can be granted.

Second, defendant argues that the claims under the Florida Civil Rights Act ("FCRA") fail because plaintiff failed to exhaust his administrative remedies. Plaintiff responds that the complaint's reference to the FCRA is mistaken, and that no claim under the FCRA is intended. Accordingly, any reference to the FCRA will be deemed struck from the complaint by consent of the plaintiff.

Third, defendant argues that plaintiff has failed to file a timely complaint under 42 U.S.C. § 2000e. On August 23, 2007, the EEOC issued a notice of right to sue pursuant to 42 U.S.C. § 2000e. In accordance with the governing law, the notice of right to sue provided that plaintiff had 90 days to file suit from the time he *received* the notice. See 42 U.S.C. § 2000e-5(f)(1)(a); *Green v. Union Foundry*

*Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2000).  The complaint was filed on January 24, 2008, 154 days after the EEOC *issued* the notice.  If the plaintiff *received* the notice more than 90 days before filing the complaint—that is, on any date before October 26, 2007—defendant would be correct that the complaint is untimely.

The complaint alleges, however, that plaintiff never received the notice to sue, but only became aware of the notice after being informed by his attorney following the attorney's receipt.  For purposes of this motion, defendant does not dispute that allegation.[1]  Defendant argues, rather, that plaintiff's counsel received the notice before October 26, 2007, and that such receipt is imputed to plaintiff.  Defendant is correct that receipt by plaintiff's counsel is imputed to plaintiff, and therefore begins the plaintiff's 90-day clock to file suit.  *See Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 92-93, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) ("To read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise.  If Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly.").

Plaintiff responds that his attorney did not receive the notice until December

---

[1]  Additionally, though the notice was apparently sent to an address in Miami according to postal records, plaintiff asserts under oath that he has not lived in Miami since 1981.  Based on the record, the notice to Mr. Stubbs was apparently sent to the wrong address entirely, though his correct address was listed on the notice itself.

13, 2007, and only then because the attorney had made a documented second request to the EEOC since the notice had not yet been received. Plaintiff further states that his attorney's office would have logged the material if it had been received, but that no notice was logged (at least not before December 13, 2007, when the office learned from the EEOC that the notice had been mailed in August). These assertions are supported by sworn affidavits and pertinent exhibits.

Drawing all inferences in plaintiff's favor, it is clear that there is a genuine issue of material fact regarding when plaintiff's attorney received the notice of right to sue. Therefore, summary judgment cannot be granted.

Accordingly,

IT IS ORDERED:

Defendant's motion to dismiss and partial motion for summary judgment (document 4) is GRANTED IN PART and DENIED IN PART. The complaint's references to the Florida Civil Rights Act are struck. In all other respects the motion is denied. Denial of the motion with respect to the timeliness defense to claims under 42 U.S.C. §2000e-5(f)(1)(a) is without prejudice to renewal of the motion supported by additional evidence. Either party may move for a separate

trial of the timeliness defense.  No view is expressed on whether any such motion will be granted.

    SO ORDERED this 4th day of May, 2008.

                                              <u>s/Robert L. Hinkle</u>
                                              Chief United States District Judge